GReen, J.
delivered the opinion of the court.
This is an indictment against the defendant and two others for murder. The indictment is signed by “Littlebury L. Mack, Attorney General pro tem. of Wayne county” — and the counsel for the prisoner contend, that the record should show, that said Attorney General was duly and constitutionally appointed, qualified and inducted into office. The record contains the following entry: “It being announced to the court that William F, Dougherty, Esq. Attorney General for this solici-torial district, has resigned his.office as such Attorney General, and it appearing to the court that there is no Attorney General in attendance at this court to prosecute the pleas of the State, and the successor of the said Wm. F, Daugherty failing to attend this court, it is therefore considered by the court, that Little- *373 •bury L. Mack,-a practicing Attorney of this court, be and. he is hereby appointed Attorney General pro tempore, to prosecute the pleas of the State at the present term of this court. Whereupon the said Littlebury L. Mack, took an oath faithfully and honestly to demean himself as such Attorney General.”
No objection is taken to the regularity of the appointment of the Attorney General pro tempore; but it is said that as the constitution requires that all officers shall take an oath to support the constitution of this Slate and of the United States before entering on the duties of their office, the record should show that those oaths were administered in this case; and as it is silent upon the subject, we are to infer that the oaths were not taken, and consequently that Mr. Mack was not properly qualified as Attorney General, and authorized by law to prefer this bill of indictment against the defendants.
We are of opinion that the record of a criminal cause need not show that the Attorney General took the oaths prescribed by the constitution and laws. If it be necessary to appear in every case that an Attorney General pro tempore was thus qualified, no reason is perceived, why the regularly elected Attorney General’s qualification should not be shewn in every case prosecuted by him. But this no one would contend for,, and indeed it would be impracticable, unless he were sworn into office in every county in his circuit. The public records of the country show that he is the regularly elected and commissioned officer of the government, and we are to presume that he has taken the oaths prescribed by the law and the constitution. The same thing must be presumed as to all the judicial and ministerial officers of the government. The action of various officers — Judge, Attorney General, Clerk and Sheriff, is necessary in every criminal prosecution — all these are required to take oaths, before entering upon the duties of their offices; but no one has ever thought that a record of their oaths must be made in every court where their functions are discharged, and be copied into the record of every criminal prosecution. But upon what principle shall it be omitted as to these, and required as to an Attorney General pro tempore1? We do not perceive any. But the record of an appointment of an Attorney General pro tem~ *374 pore by the court, must appear, because there is a regularly appointed Attorney General for each circuit, who alone is authorized to prosecute the pleas of the State, unless the contingency happen, which by the constitution will authorize the court to appoint another person pro tempore. When therefore we see the name of another person, than the regularly appointed Attorney General to a bill of indictment, we must see from the record his appointment, and the facts that authorized it. But having been regularly appointed — the consequences of that appointment are the same for the time being, that follow the appointment of the Attorney General for the circuit. If it be not required that the record should shew that any of the oaths prescribed for an officer of this character were taken, certainly the fact, that one of those oaths is set out in the record cannot' alter the case.
If the clerk copy that which need not appear, it furnishes no evidence that other facts, which are to be presumed and need not be stated, had no existence. It is not a case where the enumeration of one thing, is the exclusion of another. Upon this point, therefore, we think there is no error. All the other questions that have been debated arise out of the bill of exceptions; but as it appears from the record, that this bill of exceptions was taken and sealed by the court at a subsequent term to the one at which the prisoner was tried, and when an appeal had been granted, and the cause was out of that court, we are of opinion that we cannot notice it as a part of the record in the cause.
It appears that the prisoner was tried and convicted on the 11th day of October last, at the regular October term of the circuit court of Wayne county, and that on the same day he appealed to this court, and entered into a recognizance to appear here at the present term. On the same day, on motion of defendant’s Attorney, it was ordered that he have till the special term of the court, to be held on the 4th Monday of the same month, to tender his bill of exceptions.
At the special term, on the 26th day of October, it is of record, that the defendant’s counsel that day tendered a bill of exceptions in this cause,, which was signed, sealed and or *375 dered to be made a part of the record. There can be no doubt, but that the cause was gone from that court, and was in legal contemplation in this court, immediately upon the. expiration of the term at which it was tried, and the appeal was taken. After that term no order in the cause could be changed, n or could any new order be made, and consequently the order enrolling the bill of exceptions, and making it a part of the record at such subsequent term, could not legally be done.
But it is said that this special term, may be regarded, as a continuation of the regular term, and part of it. This view of the case cannot be maintained. The law authorizing special terms of the circuit court, constitutes them distinct terms, and prescribes the manner in which a jury for such term shall be appointed. As this bill of exceptions cannot be noticed, it is unnecessary to remark upon the questions that have been discussed, arising out of the evidence and the charge of the court.
It may not be amiss however to state, that the evidence strongly indicates, a degree of guilt on the part of this defendant, far beyond that assumed by the jury in this verdict, and that they have placed the most favorable construction upon the circumstances impheating the prisoner. The court is of opinion that there is no error in this record and order that the judgment be affirmed.